UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RITE OF PASSAGE INC.,

          Plaintiff,

v.

 

MICHIGAN DEPARTMENT OF
HEALTH AND HUMAN SERVICES,

          Defendant.

_____ /

Case No. 2:26-cv-10399

Hon. Brandy R. McMillion
United States District Judge

**OPINION AND ORDER GRANTING DEFENDANT'S ORAL MOTION TO DISMISS (ECF NO. 16), DISMISSING PLAINTIFF'S COMPLAINT (ECF NO. 1), AND DENYING AS MOOT PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER (ECF NO. 4)**

Plaintiff Rite of Passage Inc. ("ROP") brought this action against Defendant Michigan Department of Health and Human Services ("MDHHS") under the Court's federal question and supplemental jurisdiction. ECF No. 1, PageID.2.[1] ROP asserts claims for breach of contract (Count I), fraudulent inducement (Count II), unjust enrichment (Count III), copyright infringement under 17 U.S.C. §101 *et. seq.* (Count

---

[1] "Subject matter jurisdiction is vested in this Court with regard to MDHHS, pursuant to 28 U.S.C. § 1338. Further, this Court has original jurisdiction over the claims under 17 U.S.C. §101 et. seq., (hereinafter the "Copyright Act") and 42 U.S.C. § 1981, pursuant to 28 U.S.C §1331, and supplemental jurisdiction of the claims pertaining to breach of contract, fraudulent inducement, unjust enrichment, and violation of public policy, pursuant to 28 U.S.C §1367."

1

IV), violation of 42 U.S.C. § 1981 (Count V) and violation of public policy (Count VI) in connection with a Contract between the parties.[2]  On February 12, 2026, Plaintiff filed a Motion for a Temporary Restraining Order, and the parties adequately briefed the Motion.  *See generally* ECF Nos. 4, 8, 10.  On March 27, 2026, the Court held a hearing on the Motion ("Motion Hearing"), during which, Defendant orally moved to dismiss the Complaint (ECF No. 1) in its entirety based on sovereign immunity.  *See* ECF No. 16.  For the reasons set forth below, Defendant's Oral Motion to Dismiss (ECF No. 16) is **GRANTED** on jurisdictional grounds, without reaching the merits of ROP's claims.  And ROP's Motion for a Temporary Restraining Order is **DENIED AS MOOT**.

## I.

The Court adopts the facts as set forth in Plaintiff's Complaint.  ECF No. 1, PageID.2-8.  In 2023, the St. Clair Youth Treatment Center ("SCYTC") was established through a joint partnership agreement between the Plaintiff and Defendant.  ECF No. 1, PageID.3.  Subsequent to that agreement, Plaintiff and Defendant entered into an initial agreement for a 20-bed program ("the Contract"),

---

[2] *See* ECF No. 1, PageID.3 ("The St. Clair Youth Treatment Center ("SCYTC") is a licensed Evidenced-Based Mental Health (EBMH) program operating within the 140 bed Macomb County Juvenile Justice Center. It was established in 2023 through a five year contract between ROP and MDHHS to address Michigan's juvenile justice bed shortage and launch an EBMH program for system-involved youth both from the community and across the state."); *see* ECF No. 8-2, PageID.150-235 (Exhibit A: The Contract).

set to expire on September 30, 2024. *Id.* The agreement included a 4-year option term, which would end on September 30, 2028. *Id.* Operations began in November 2023. *Id.*

On July 10, 2024, nearly eight months later, Defendant made an initial request for Plaintiff to obtain licensing for opening additional beds. *Id.* The parties continued to discuss the terms of expansion, eventually reaching an agreement for Plaintiff to increase the capacity of the facilities with a proposed start date of February 1, 2025. *Id.* at PageID.4. The parties amicably exercised the option to renew the contract, which extended the expiration of the contract to September 30, 2025. *Id.* Plaintiff submitted all finalized documentation to the state's licensing department for the proposed expansion as requested. *Id.* The parties continued meeting, discussing expansion plans, and touring potential facilities from late-2024 through early-2025. *Id.* Subsequently, the Michigan Department of Licensing and Regulatory Affairs contacted Plaintiff, which led to an apparent amicable determination of a 3-phase plan to "properly effectuate" the expansion plan for making the location of SCYTC permanent. *Id.* On January 24, 2025, the parties made a public announcement of the expansion, which would create 70 new jobs. *Id.* at PageID.5.

But, nearly a month later, the energy shifted. ROP and MDHHS met on February 24, 2025 to discuss extending the Contract, and, two days later, on

February 26, 2025, SCYTC received a final inspection from the Bureau of Fire Services, and the expansion was approved. ECF No. 1, PageID.5. Yet on February 28, 2025, Demetrius Starling ("Starling") from Defendant represented that no additional youth would be placed at SCYTC. *Id.* Not even two weeks later, on March 10, 2025, Starling, acting on behalf of Defendant, provided Plaintiff with notice to exit the facility by May 5, 2025. *Id.* A week later, Defendant sent formal notice of contract termination between the parties, while the Plaintiff continued sending correspondence, outlining the cost of a potential location for the program. *Id.* On April 2, 2025, Plaintiff requested authorization to remain at the Macomb facility. *Id.* at PageID.5-6. To date, despite many attempts, no amicable resolution has been reached between the parties.

On December 19, 2025, Plaintiff submitted a formal notice of intent to sue Defendant pursuant to MCL 600.6431. ECF No. 1, PageID.6. Plaintiff also filed a Notice of Intent with the Michigan Court of Claims on January 21, 2026. *Id.* In addition to claims of breach of contract, Plaintiff alleges Defendant "[i]mproperly copied" SCYTC materials, which were created by Plaintiff for use in another policy manual for another service arm. *Id.* at PageID.7. Plaintiff alleges these materials are protected under federal copyright law. *Id.* In addition to those claims, Plaintiff also submitted a Freedom of Information Act request on or around November 25, 2025 to investigate and substantiate claims of contract termination and inducement

4

by Defendant. *Id.* at PageID.8. A few weeks later, Defendant submitted a letter recommending revocation of Plaintiff's license. *Id.* This lawsuit followed thereafter. *Id.*

## II.

In reviewing a Rule 12(b)(6) motion, the Court will "accept[…] all of the complaint's factual allegations as true and determin[e] whether these facts sufficiently state a plausible claim for relief." *Fouts v. Warren City Council*, 97 F.4th 459, 464 (6th Cir. 2024) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The Court "must 'construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded factual allegations as true, and examine whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Norris v. Stanley*, 73 F.4th 431, 435 (6th Cir. 2023) (citations and internal quotation marks omitted). A facially plausible complaint requires plaintiff to "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Typically, Courts must assess the sufficiency of the complaint "without resort to matters outside the pleadings." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016) (citation omitted). If such materials are considered, the court generally must treat the motion to dismiss as one for summary judgment. *Id.* However, when reviewing

a Rule 12(b)(6) motion, the Court can consider "exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein," without converting the motion to dismiss to one for summary judgment. *Id.* (citing *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008)).

**III.**

**A.   ELEVENTH AMENDMENT IMMUNITY**

The Court first addresses Plaintiff's § 1981 claim (Count V) — which is independently barred by Defendant's rightfully-asserted Eleventh Amendment Immunity.  "Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *See Green v. Mansour*, 474 U.S. 64, 68 (1985).  The State of Michigan has not consented to jurisdiction in federal court for civil rights claims, and because MDHHS is an arm of the state, they are similarly entitled to the same immunity. *See Harrison v. Michigan*, 722 F.3d 768, 711 (6th Cir. 2013) (cleaned up) ("The district court correctly held that the State, MDOC, and the state parole board were immune from suit under the Eleventh Amendment.  There can be no doubt ... that suit against a State and its Board of Corrections is barred by the Eleventh Amendment, unless

the State has consented to the filing of such a suit […], or unless Congress has expressly abrogated Eleventh Amendment immunity. [A]nd that Michigan has not consented to the filing of civil rights suits against it in federal court.").   Further, Congress has not abrogated state sovereign immunity from §§ 1981 and 1983 suits. *See Larriett v. Michigan Dep't of State Police*, No. 25-1366, 2026 WL 396626, at *6 (6th Cir. Feb. 12, 2026).   Therefore, the Section 1981 claim (Count V) is dismissed; and can be refiled in state court, if Plaintiff so desires.

## B.   CONTRACT FORUM SELECTION CLAUSE

Next, and critically, the Contract contains a forum selection clause which the Court is *sua sponte* considering with respect to ROP's remaining claims.[3]  Absent a strong showing to the contrary, "a forum selection clause should be upheld."  *Wong*, 589 F.3d at 828 (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).   To determine enforceability of the clause, the Court will look to "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust."  *Id.*  The first and second

---

[3] A district court is entitled to *sua sponte* raise issues of forum non conveniens.  "The doctrine falls within the court's inherent authority… So long as the district court has 'facts relevant to the issue of forum non conveniens,' it can raise the doctrine on its own accord."  *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) (cleaned up).

factors weigh in Defendant's favor because Plaintiff does not allege that the clause was obtained by fraud, duress, or other unconscionable means nor that litigating its claims in the Michigan Court of Claims would be ineffective or unfair. *See generally* ECF Nos. 4, 10. Although ROP does have a fraudulent inducement claim in its Complaint, where it alleges MDHHS fraudulently induced ROP into proceeding with expansion plans for the purposes of accommodating more youth, this claim does not include allegations of fraud specifically related to the forum selection provision. *See* ECF No. 1, PageID.10-11; *see also Preferred Cap., Inc. v. Assocs. in Urology*, 453 F.3d 718, 722 (6th Cir. 2006); ("General claims of fraud [ ] do not suffice to invalidate the forum selection clause."); *Wong*, 589 F.3d at 828 ("[W]e have upheld a forum selection clause where the party opposing the clause failed to offer any evidence showing that it did not knowingly and willingly consent to the inclusion of the clause in the agreement."). As to the second factor, "different or less favorable […] law or procedure alone does not satisfy this prong." *Wong*, 589 F.3d at 829. So, even if ROP could argue that this Court's application of law and procedure would differ from the state court, that alone would not suffice.

Finally, ROP faces a similar fate on the final factor because it does not assert that it would be seriously inconvenienced by instead bringing this action in the Michigan Court of Claims. *See generally* ECF Nos. 4, 10. In fact, ROP could not advance that argument in good faith because it has already filed a Notice of Intent

with the Clerk of the Court of Claims on January 21, 2026.  ECF No. 1, PageID.6; ECF No. 1-3, PageID.26.  Furthermore, as the Court observed at the Motion hearing, it is not persuaded that Plaintiff should be permitted to use the Contract as both a sword and a shield.  Accordingly, the Court will enforce the forum-selection clause, finding that none of the Plaintiff's state-law claims[4] are properly before it.  Each are dismissed as a result, and Plaintiff is instructed to file them in the Court of Claims— as it already seems prepared to do.

## C.      COPYRIGHT CLAIM

Finally, Plaintiff asserts a copyright infringement claim pursuant to 17 U.S.C. §101 *et. seq.* (Count IV).  ECF No. 1, PageID.12.  While this Court does have federal jurisdiction to hear this claim, it is declining to do so at this time.  The parties dispute ownership of the materials included within the operating manual.  In other words, there is a central question whether, *under the terms of the Contract*, MDHHS has complete ownership of the materials at issue.  The Court therefore agrees with Defendant that this claim (even though alleged as a copyright claim) "arises from the parties' Contract."  ECF No. 8, PageID.136.  And having already determined that the contract-related claims are more appropriately addressed by a state forum, this Court finds that the copyright infringement claim should be dismissed without

---

[4] Plaintiff's state law claims include breach of contract (Count I), fraudulent inducement (Count II), unjust enrichment (Count III), and violation of public policy (Count VI).  ECF No. 1, PageID.8-11, 15-16.

prejudice at this time.  Should the Court of Claims render a favorable decision to Plaintiff in a state action—that ROP, and not MDHHS, is in fact the rightful owner of the operating manual, Plaintiff may properly reassert its copyright infringement claim before this Court at that time.[5]

## IV.

Accordingly, Defendant's Oral Motion to Dismiss (ECF No. 16) is **GRANTED**.  Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**, to be refiled in state court, if Plaintiff so desires.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 4) is **DENIED** as **MOOT**.

**IT IS SO ORDERED.**

Dated: April 13, 2026                         s/Brandy R. McMillion
       Detroit, Michigan                    Hon. Brandy R. McMillion
                                  United States District Judge

---

[5] Accordingly, this case is dismissed.  Should Plaintiff choose to reassert its copyright infringement claim at a later date, it has leave to file a new action.